IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

Russel Derek Watson )
    Plaintiff, )
)
v. ) 1:07cv928 (TSE/TRJ)
)
Kenneth Hall, et al., )
    Defendants. )

## MEMORANDUM OPINION

Russel Derek Watson, a Virginia inmate proceeding pro se, has filed a civil rights action, pursuant to 42 U.S.C. § 1983 against "Luitenant [sic] Kenneth Hall," Sargent Christine Walden, and Captain Kenneth Epps. By Order dated October 10, 2007, plaintiff was directed to particularize and amend his complaint to state a cause of action under § 1983, provide evidence of administrative exhaustion and either pay the $350.00 filing fee or return the form indicating his consent to the collection of the filing fee from his inmate account. It appears that plaintiff has complied with the Court's Order. Upon review of plaintiff's amended complaint, the claims against defendants Walden, Epps and Hall must be dismissed with prejudice for failure to state a claim, 28 U.S.C. § 1915A(b)(1).[1]

---

[1] Section 1915A provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

## I.

Plaintiff is currently incarcerated at the Petersburg City Jail in Petersburg, Virginia, and was incarcerated there in August, 2007. On August 8, 2007, defendant Walden ordered plaintiff, who had been assigned a "trustee job" in the jail's laundry room, to retrieve a cart of dirty clothes. While on his way back "down the hallway" with the cart, plaintiff stopped and talked to an inmate who was receiving a haircut at the jail's barber shop. This inmate informed plaintiff that he needed "some bigger shorts." At that time, defendant Walden and another corporal "started yelling at [plaintiff]" to return to the laundry area. Plaintiff alleges that he then advised this corporal of the inmate's clothing need, but that he "continued to yell" at plaintiff. Defendant Walden then advised this corporal to "write [plaintiff] up." Plaintiff was taken back to his quarters and submitted a grievance form concerning defendant Walden. Plaintiff claims that as "tit for tat (payback)," for the grievance he filed, defendant Walden then filed an institutional charge against him. Plaintiff asserts that this charge contained incorrect information and was not served upon him in accordance with the procedures outlined in the inmate handbook.

On August 10, 2007, plaintiff was removed from his trustee position and transferred back to the cell he had occupied prior to becoming a trustee. After approximately two hours in this cell, officers informed plaintiff that he was to be moved again, this time to a cell that allegedly had been placed under quarantine, as inmates in that cell had been diagnosed with staph infections. Plaintiff refused to go to this "infected" cell and went to speak with defendant Hall. Plaintiff asked defendant Hall why he was being moved to the "staph-infected" cell. Defendant Hall then allegedly informed plaintiff that he was being moved because he had "said so." After plaintiff demanded to placed in a "holding cell" instead, defendant Hall allegedly yelled, "ya'll [sic] mother fucker's [sic] ain't [sic] going to do what ya'll [sic] want" and that "shit's going to change around here." Defendant Hall

2

then attempted to place plaintiff in a "headlock," and plaintiff was subdued by several officers and placed in handcuffs. Plaintiff alleges that while he was in handcuffs, defendant Hall choked him "viciously," resulting in plaintiff "almost pas[sing] out several times." Defendant Hall then "wrote [plaintiff] up" for disobeying a direct order and threatening bodily harm. On August 16, 2007, defendant Epps found plaintiff "guilty on all charges" without an advisor or the reporting officers present. Plaintiff complains that he asked for an advisor and that the reporting officers be present at the hearing. He also alleges that his disciplinary hearing was "done way past" the 72 hours required by the inmate handbook. Finally, plaintiff asserts that defendant Epps, who also served as the grievance coordinator with respect to plaintiff's grievance concerning defendant Walden, "act[ed] like he don't [sic] know what [plaintiff] is talking about." Based on the exhibits attached to plaintiff's amended complaint, it appears this claim refers to defendant Epps' assertion that he never received plaintiff's grievance concerning defendant Walden. In his amended complaint, plaintiff seeks $25,000.00 in damages and the removal of "all individuals involved."

## II.

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F. Supp. 2d 641, 642 (E.D.Va. 1998). As the Supreme Court has recently explained in Bell Atlantic Corp. v. Twombly, – U.S. –, 127 S.Ct. 1955, 1969 (2007), the alleged facts are presumed true and the complaint should be dismissed only when plaintiff's complaint is insufficient to raise a "'reasonably founded hope'" that the plaintiff will be able to make his case (citing Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)). Courts may also consider exhibits attached to the

3

complaint. United States ex rel. Constructors, Inc. v. Gulf Ins. Co., 313 F. Supp. 2d 593, 596 (E.D. Va. 2004) (citing 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 299 (2d ed.1990), cited with approval in Anheuser-Busch v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.1995)). Moreover, where a conflict exists between "the bare allegations of the complaint and any attached exhibit, the exhibit prevails." Gulf Ins. Co., 313 F. Supp. 2d. at 596 (citing Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1465 (4th Cir.1991)).

### III.

A. Claims Against Defendant Walden

Liberally construed,[2] plaintiff raises two claims against defendant Walden. In claim A(1), plaintiff alleges that defendant Walden's inaccurate disciplinary "write up" of plaintiff was made in retaliation the grievance he filed against her. In claim A(2), plaintiff alleges that defendant Walden "constantly harassed [him] everyday" during his job as a trustee. Both claims fail to state a cognizable claim under § 1983 and must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

In general, claims of retaliation by prison inmates are generally treated with skepticism because "[e]very act of discipline by prison officials is by definition 'retaliatory' in the sense that it responds to prisoner misconduct." Cochran v. Morris, 73 F.3d 1310, 1317 (4th Cir. 1996); Adams v. Rice, 40 F.3d 72, 74 (4th Cir. 1994). To succeed on claim A(1), plaintiff must allege facts establishing that the retaliatory act complained of "was taken in response to the exercise of a

---

[2] The Court is mindful of its duty to construe liberally the complaints of pro se litigants. See Bracey v. Buchanan, 55 F.Supp.2d 416, 421 (E.D.Va. 1999). However, such duty does not require district courts "to conjure up questions never squarely presented to them [as] [d]istrict judges are not mind readers." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). Even pro se plaintiffs are required to allege facts that state a cause of action. Id.

4

constitutionally protected right or that the act itself violated such a right." Adams, 40 F.3d at 75. Additionally, plaintiff must allege facts establishing that "but for the retaliatory motive, the complained of incident ... would not have occurred." Woods v. Smith, 60 F.3d 1161, 1166 (5th Cir. 1995); accord Ponchik v. Bogan, 929 F.2d 419, 420 (8th Cir. 1991). Bare assertions of retaliation are insufficient to support a claim of constitutional dimensions and are properly subject to dismissal. Adams, 40 F.3d at 75; Garrett v. Angelone, 940 F.Supp. 933, 944 (W.D.Va. 1996).

Plaintiff's claim of retaliation must fail because he has neither alleged facts to show that the actions of defendant Walden were taken "in response to" plaintiff's exercise of a constitutional right, nor has he claimed or presented any facts to suggest that the actions of defendant Walden violated a constitutional right. Moreover, to the extent that plaintiff is attempting to claim that defendant Walden retaliated against him for exercising his constitutional right to inform prison authorities of his grievances, the Fourth Circuit has recognized no constitutional "right to inform" prison officials of one's grievances with their actions. See Adams, 40 F.3d at 75. Accordingly, plaintiff's claims of retaliation against defendant Walden must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

In claim A(2), plaintiff alleges that defendant Walden "constantly harassed [him] everyday" during his tenure as a trustee. It is unclear whether the harassment about which plaintiff complains includes the comments made by defendant Walden on August 8, 2007. Yet, even assuming that plaintiff's claim of harassment against defendant Walden includes Walden's comments on that day, plaintiff has failed to state a § 1983 claim. The only possible claim suggested by plaintiff's allegations would be that defendant's comments amounted to harassing and threatening verbal abuse in violation of the Eighth Amendment. Plaintiff, however, has simply failed to allege anything approaching such a violation. Verbal abuse of inmates by prison officials, without more, does not

5

rise to the level of an Eighth Amendment violation. See Collins v. Cundy, 603 F.2d 825, 827 (10th Cir. 1979), cited favorably in, Moody v. Grove, No. 89-6650, 1989 WL 107004, at * 1 (4th Cir. 1989). A verbal threat combined with action apparently designed to carry out the threat, however, may state an Eighth Amendment claim. See Hudspeth v. Figgins, 584 F.2d 1345, 1348 (4th Cir. 1978). Yet plaintiff does not allege that defendant Walden's comments and unspecified harassing actions amounted to a threat nor does he connect these comments and actions with any physical harm by defendant Walden or any other prison official. Therefore, plaintiff's claims against defendant Walden must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

B. Claims Against Defendant Epps

Liberally construed, plaintiff appears to raise two claims against defendant Epps. In claim B(1), plaintiff alleges that Epps "knowing tried and found" plaintiff guilty of the institutional charges leveled against him without adhering to the procedures in the inmate handbook, in violation of plaintiff's due process rights. In claim B(2), plaintiff appears to allege that Epps has failed to fulfill his duties as the grievance coordinator by failing to retain a copy of the grievance that plaintiff submitted concerning defendant Walden. As both claims fail to state a cognizable claim under § 1983, they must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In claim B(1), plaintiff appears to allege that Epps found plaintiff guilty on the institutional charges leveled against him without complying with the procedures in the inmate handbook or honoring plaintiff's request that an advisor and the reporting officers be present at the disciplinary hearing. Specifically, plaintiff claims that one of the charging documents contains an incorrect description of the location of plaintiff's cell and was served more than twenty-four hours after the event, in violation of the provisions of the inmate handbook. Plaintiff also claims that the disciplinary hearing took place "way past" seventy-two hours, in violation of the provisions of the

inmate handbook. Finally, plaintiff alleges that Epps found him guilty on all charges without honoring his request that an advisor and the reporting officers be present at the hearing and sentenced him to "time served" on the charge concerning defendant Walden and "[two] weeks loss of canteen, visits [and] isolation" on the charge concerning defendant Hall.

As an initial matter, the exhibits attached to plaintiff's amended complaint establish that it was plaintiff himself who pled guilty to the charge stemming from his failure to heed defendant Watson's order that he return to the laundry area. Amend. Compl., Ex. 5. Accordingly, defendant Epps found plaintiff guilty of the institutional charges stemming from the orders given by defendant Watson pursuant to plaintiff's guilty plea. Yet, even assuming that defendant Epps found plaintiff guilty of the institutional charges stemming from defendant Watson's orders and the physical altercation on August 10, 2007 without complying with the provisions of the inmate handbook, plaintiff has failed to state a due process claim.

Although convicted prisoners relinquish many rights upon their incarceration, the due process clause of the Fourteenth Amendment mandates procedural safeguards before an inmate can be punished by conditions so dramatically different from the basic range of constraints contemplated by his sentence. See Sandin v. Conner, 515 U.S. 472, 483–84 (1995). As the Supreme Court recognized in Sandin, prison regulations create a protected liberty interest in avoiding a change in status if such change imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Id. at 484. Plaintiff's two-week placement in segregation and accompanying loss of privileges is insufficient to trigger any due process interest in avoiding such placement. In Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997), the Fourth Circuit held that confining segregation inmates with restrictions more severe than those complained of by the plaintiff

7

for more than six months did not trigger any federal due process interest. Plaintiff complains merely that he was segregated, not able to receive visitors, and was denied the ability to patronize the canteen for a two-week period. Such allegations do not raise any claim under Sandin that he has been deprived of a federally protected liberty interest without due process. Moreover, even if defendant Epps failed to adhere to the provisions in the inmate handbook, such a failure, in and of itself, does not give rise to any federal due process claim. See Riccio v. County of Fairfax, Va., 907 F.2d 1459, 1469 (4th Cir. 1990); see also Duke v. Combs, No. Civ.A. 706cv390, 2006 WL at * 1 (W.D.Va. July 13, 2006) ("In other words, where an inmate receives a change in housing assignment or a loss of privilege that is not unusually harsh compared to normal prison conditions, no protected liberty interest arises and that inmate has no claim for relief under the Due Process Clause or § 1983, even if the change occurred without all the state-created procedural protections during a disciplinary hearing."). Accordingly, as plaintiff has failed to state a due process claim against defendant Epps, claim B(1) must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

In claim B(2), plaintiff appears to allege that defendant Epps failed to fulfill his duties as the jail's grievance coordinator when he failed to retain a copy of the grievance that plaintiff had filed against defendant Walden. It is well-established, however, that prisoners have no constitutionally protected right to "grievance procedures or access to any grievance procedure voluntarily established by a state." Adams, 40 F.3d at 75. Accordingly, because plaintiff has no constitutional right to access the jail's grievance procedure, defendant Epps' alleged failure to retain properly a copy of plaintiff's grievance against defendant Walden does not rise to the level of a violation of the Constitution. Therefore, plaintiff has failed to state a claim against defendant Epps, and claim B(2) must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

C. Claims Against Defendant Hall

Liberally construed, it appears that plaintiff is attempting to raise two claims against defendant Hall. In claim C(1), plaintiff appears to allege that defendant Hall used harassing language when informing plaintiff that "shit's going to change around here." In claim C(2), plaintiff appears to allege that defendant Hall's application of force on August 10, 2007 violated the Eighth Amendment. Both claims fail to state a cognizable claim under § 1983, and, therefore, must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Claim C(1) must be dismissed for failure to state a claim because, as discussed above, verbal abuse of inmates by prison officials, without more, does not rise to the level of an Eighth Amendment violation. Collins, 603 F.2d at 827, cited favorably in, Moody, 1989 WL 107004, at * 1. Moreover, although plaintiff alleges that defendant Hall "proceeded to choke him vicously [sic] all the way down the hallway," nothing in the complaint suggests that Hall's actions were designed to carry out Hall's threat for "change".

In claim C(2), plaintiff appears to allege that when defendant Hall "proceeded to choke him vicously [sic] all the way down the hallway," Hall violated plaintiff's right under the Eighth Amendment to be free from the application of excessive force. The proper inquiry in evaluating a claim of excessive force is "whether the force was applied in a good faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Whitley v. Albers, 475 U.S. 312, 320-21 (1986). To demonstrate excessive force in violation of the Eighth Amendment, the prisoner must satisfy two requirements. Stanley v. Hejirika, 134 F.3d 629, 633-35 (4th Cir. 1998). First, the prisoner must establish that the force "inflicted unnecessary and wanton pain and suffering." Id. at 634 (quoting Hudson v. McMillian, 503 U.S. 1 (1992)). Second, the

prisoner must show that the officer's actions, taken in context, were "objectively harmful enough to offend contemporary standards of decency." Id. (internal citations omitted).

As an additional preliminary matter, the Fourth Circuit has expressly stated that "absent the most extraordinary circumstances, a plaintiff cannot prevail on an excessive force claim if his injury is de minimis." Norman v. Taylor, 25 F.3d 1259, 1262-63 (4th Cir. 1994) (finding persistent pain in thumb where officer hit inmate with keys de minimis); see also Taylor v. McDuffie, 155 F.3d 479, 482 (4th Cir. 1998) (abrasions on wrists and ankles, slight swelling in the jaw area, and tenderness over some ribs considered de minimis); Marshal v. Odom, 156 F.Supp 2d 525, 530 (D. Md. 2001) (headache, abrasion, numbness and "swelling knots all over his body" considered de minimis). Furthermore, the absence of medical documentation of injuries weighs heavily against a finding of excessive force. Stanley, 134 F.3d at 637-38.

Plaintiff has failed to demonstrate that defendant Hall's application of force on August 10, 2007 violated the Eighth Amendment. Plaintiff has not shown that defendant Hall used force and inflicted pain maliciously and sadistically in a way that offends "contemporary standards of decency." Stanley, 134 F.3d at 634. Furthermore, plaintiff's allegations fail to establish that he suffered anything more than a de minimis injury as a result of defendant Hall's actions. As a result of Hall's application of a choking maneuver, plaintiff alleges that he "almost past [sic] out several times." As nothing in the complaint or accompanying exhibits suggests that plaintiff suffered any injury as a result of the application of Hall's choking maneuver, claim C(2) must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

### D. Plaintiff's December 12, 2007 Letter

While the instant complaint was pending before the undersigned judge, plaintiff wrote a letter to the Court in which he expresses his concern that an unnamed officer told him a "bogus" or "wrong" name of one of the defendants named in the instant action. Plaintiff expresses his concern that his complaint may be "thrown out due to a technicality" and asks the Court to advise him as to what he has "to do for [his] case to be brought to justice." The Court notes that federal district courts are barred by the Constitution's "case and controversy" requirement from deciding abstract hypothetical questions and are barred from rendering advisory opinions. See, e.g., Nebraska Press Ass'n v. Stuart, 427 U.S. 539, 546 (1976). In light of this bar, the Court will not advise plaintiff concerning any legal strategy or tactic that he may wish to employ in the prosecution of the instant action.

### IV.

For the above reasons, plaintiff's claims against defendants Walden, Epps and Hall must be dismissed with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915A(b)(1). An appropriate Order shall issue.

Entered this ___8th___ day of ___January___ 2008.

/s/
T. S. Ellis, III
United States District Judge

Alexandria, Virginia